## HOFFMEYER, Assignee, v. WHITE.

A new trial will not be granted on the affidavit of a party that, a person whose testimony was important in the cause, but who had not been summoned because he had declared that he was interested, had, since the trial, informed the applicant that he had become a compe‑ tent witness. *Held*, that the interest of the witness was a question upon which the opinion of the court should have been had, and that a new trial should not be granted.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Mott*, for the appellant. *Edwards* and *Hays*, for the defendant. The judgment of the court was pronounced by

ROST, J. Judgment having been rendered in favor of the defendant in this case, the plaintiff moved for a new trial, and supported his motion by an affidavit, stating that, since the trial, he had discovered testimony important to the cause, which he could not, with due diligence, have discovered before, which testi‑ mony, says the affidavit, is that of *H. Griffon, Esq.*, who will testify, "that the pretended payment was not made to *Barrett & Lepage*, and that the entry in their books was an error; deponent applied to said *Griffon* before the trial for his testimony, and he was then informed by said *Griffon* that he could not tes‑ tify, as he was interested; but deponent avers that the said *Griffon* has, since the trial, on the 19th day of December, 1846, informed deponent that he has no interest in the suit, and that he has become a competent witness, and will testify to the facts above set forth." The new trial was refused, and the plain‑ tiff appealed.

We cannot interfere with this judgment. The evidence mentioned in the affidavit was not discovered after its rendition. It was known to the plaintiff long before, but he did not call on the witness to testify, because the latter had told him that he could not do so on the ground of interest. This was a ques‑ tion upon which the opinion of the court ought to have been had on the trial, and the omission of the plaintiff in that respect cannot be made by him the ground of a new trial.

We have no means of ascertaining how the supposed interest of the witness has ceased; but we are satisfied that applications of this kind should, as a gene‑ ral rule, be discouraged, on account of the great inducement which the granting of them would give to false swearing and perjury.

*Judgment affirmed.*